**LIPPMAN RECUPERO, LLC**
David W. Lippman, State Bar # 023335 / PCC # 65803
1325 N. Wilmot Rd., 3rd Floor, Tucson, AZ 85712
P.O. Box 13928, Tucson AZ 85732-3928
Telephone: (520) 762-4036
Attorneys for Plaintiff
G & G Closed Circuit Events, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events, LLC, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| Vicente Sanchez Soqui a/k/a Vicente Sanchez, individually and d/b/a Mariscos El Cochorit; and Mariscos El Cochorit #2, LLC, an unknown business entity d/b/a Mariscos El Cochorit, | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

**JURISDICTION**

1.  Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, *et seq.*

///

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the District of Arizona, because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia,* all Defendants reside within the State of Arizona (28 U.S.C. § 1391(b)).

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Phoenix Division of the District of Arizona is proper because a substantial part of the events or omissions giving rise to the claim occurred in Maricopa County and/or, the United States District Court for the District of Arizona has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California company with its principal place of business located at 2925 Green Valley Parkway, Suite D, Las Vegas, NV 89014.

7.   At all times relevant hereto, including on Saturday, November 2, 2019 Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez was a managing member of Mariscos El Cochorit #2, LLC, which owns and operates the commercial establishment doing business as Mariscos El Cochorit operating at 5037 W. Thomas Rd., Phoenix, AZ 85031.

8.   At all times relevant thereto, including on Saturday, November 2, 2019, Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez was the individual specifically identified on the Arizona Corporation Commission License filed for Mariscos El Cochorit #2, LLC (L18340712).

9.   Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez had the right and ability to supervise the activities of Mariscos El Cochorit, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

10.   Plaintiff is informed and believes, and alleges thereon that on Saturday,  November 2, 2019 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez, as an individual specifically identified on the Arizona Corporation Commission License filed for Mariscos El Cochorit #2, LLC, had the obligation to supervise the activities of Mariscos El Cochorit #2, LLC, which included the unlawful interception, receipt, and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that Mariscos El Cochorit operated lawfully at all times.

///

///

11. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019, (the night of the *Program* at issue herein, as more specifically defined in Paragraph 20), Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez specifically directed or permitted the employees of Mariscos El Cochorit to unlawfully intercept, receive, and publish Plaintiff's *Program* at Mariscos El Cochorit, or intentionally intercepted, received, and published the *Program* at Mariscos El Cochorit himself. The actions of the employees of Mariscos El Cochorit are directly imputable to Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez by virtue of his acknowledged responsibility for the operation of Mariscos El Cochorit.

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, November 2, 2019, Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez, as a managing member of Mariscos El Cochorit #2, LLC, had an obvious and direct financial interest in the activities of Mariscos El Cochorit, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

13. Plaintiff is informed and believes and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez resulted in increased profits for Mariscos El Cochorit.

14. Plaintiff is informed and believes, and alleges thereon that Defendant Mariscos El Cochorit #2, LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an entity with dominion, control, oversight and management of the commercial establishment doing business as Mariscos El Cochorit operating at 5037 W. Thomas Rd., Phoenix, AZ 85031.

15. On Saturday, November 2, 2019 (the night of the Program at issue herein, as more specifically defined in Paragraph 20), Mariscos El Cochorit sold food and alcoholic beverages to its patrons.

16. On Saturday, November 2, 2019 (the night of the Program at issue herein, as more specifically defined in Paragraph 20), Mariscos El Cochorit broadcast the *Program* on a 50" flat panel television screen and on a 55" television screen in the establishment while patrons of the establishment were present.

17. Mariscos El Cochorit advertised that the *Program* would be shown at Mariscos El Cochorit via social media posts on Facebook.

18. The commercial fee for an establishment the size of Mariscos El Cochorit to broadcast the *Program* lawfully was $1,400.00. Neither Defendants nor anyone acting on their behalf paid this fee to Plaintiff.

## COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

19. Plaintiff G & G Closed Circuit Events, LLC , hereby incorporates by reference all of the allegations contained in paragraphs 1-18, inclusive, as though set forth herein at length.

20. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Saul "Canelo" Alvarez v. Sergey Kovalev Championship Fight Program,* telecast nationwide on Saturday, November 2, 2019 (this included all under-card bouts, including the bout between Ryan Garcia and Romero Duno, and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

21. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC , entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Arizona, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments.

22. The *Program* could only be exhibited in a commercial establishment in Arizona if said establishment was contractually authorized to do so by Plaintiff G & G Closed Circuit Events, LLC.

23. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC , expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

24. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies to Plaintiff's sub-licensees.

25. On Saturday, November 2, 2019, in violation of Plaintiff  G & G Closed Circuit Events, LLC  rights and federal law, Defendants intercepted, received and published the *Program* at Mariscos El Cochorit. Defendants also divulged and published said communication or assisted in divulging and publishing said communication to patrons within Mariscos El Cochorit.

26. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendant (as outlined in paragraphs 7-25 above),

did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Phoenix, Arizona located at 5037 W. Thomas Road, Phoenix, AZ 85031.

27. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain, as confirmed by, inter alia, the advertising via social media (Facebook), the sale of food and beverages during the broadcast, and the efforts necessarily undertaken to avoid paying Plaintiff its rightful commercial fee.

28. Title 47 U.S.C. § 605(a), prohibits the unauthorized interception, receipt, publication and use of communications, such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC had the distribution rights thereto.

29. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*, either directly or, in the case of Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez, contributorily or vicariously.

30. By reason of the Defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. Section 605.

31. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff G & G Closed Circuit Events, LLC , is entitled to the following from each Defendant:

///

///

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II);

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(c) The recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

32. Plaintiff hereby incorporates by reference of all the allegations contained in paragraphs 1-31, inclusive, as though set forth herein at length.

33. Title 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

34. The unauthorized interception and receipt of the Program by the above named Defendants were prohibited by Title 47 U.S.C. §553, *et seq.*

35. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. Section 553, *et seq.* either directly or, in the case of Defendant Vicente Sanchez Soqui a/k/a Vicente Sanchez, contributorily or vicariously.

36. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. Section 553.

37. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii);

    (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B);

    (c)    The recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and

    (d)    In the discretion of this Honorable Court, reasonable attorneys' fees pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as mandated by statute;

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

///

3. For all costs of suit, including, but not limited to, filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

                                        Respectfully submitted,

Date: October 29, 2020      */s/ David W. Lippman*
                                        **Lippman Recupero, LLC**
                                        By: David W. Lippman
                                        Attorney for G & G Closed Circuit Events, LLC